# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Kirk Waters,
    Petitioner,

vs.

        Case No. 1:07cv758
        (Dlott, J.; Hogan, M.J.)

Warden, Noble
Correctional Institution,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Noble Correctional Institution in Caldwell, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's "Answer/Return Of Writ" with exhibits (Doc. 7), and petitioner's "Opposition to Respondent's Answer/Return Of Writ" with exhibits (Doc. 8).

### Procedural Background

In April 2002, the Butler County, Ohio, grand jury returned an indictment charging petitioner with three counts of unlawful sexual conduct with a minor in violation of Ohio Rev. Code § 2907.04(A) (Counts 1 through 3); two counts of sexual battery in violation of Ohio Rev. Code § 2907.03(A)(5) (Counts 4 and 5); and two counts of interference with custody in violation of Ohio Rev. Code § 2919.23(A)(1) (Counts 6 and 7). (Doc. 7, Ex. 1).

Following a jury trial, petitioner was found guilty as charged. (*Id.,* Ex. 10). On October 22, 2002, petitioner was sentenced to an aggregate prison term of ten (10) years and eleven (11) months.[1]  (*Id.,* Ex. 14). In an Entry filed October 23, 2002, the trial court further determined that petitioner was a "Sexual Predator" for "purposes of sex-offender registration and notification in accordance with O.R.C.  Chapter 2950." (*Id.,* Ex. 15).[2]

Petitioner's trial counsel filed a timely notice of appeal to the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Ex. 20). On April 14, 2003, new counsel for appeal purposes filed a brief on petitioner's behalf, in which three assignments of error were raised challenging the admission of other acts evidence and the prosecutor's conduct at trial, as well as the "cumulative effect of errors in the proceedings below." (*Id.,* Ex. 21). On November 3, 2003, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 24).

Petitioner did not timely appeal to the Ohio Supreme Court.  Instead, on November 21, 2003, he filed with the Ohio Court of Appeals a timely *pro se* motion under Ohio R. App. P. 26(B) to reopen the direct appeal based on claims that his

---

[1]Specifically, the trial court imposed the following prison terms, which were to run consecutively: four (4) years for the "unlawful sexual conduct with a minor" offense charged in Count 1; three (3) years for each "unlawful sexual conduct with a minor" offense charged in Counts 2 and 3; and eleven (11) months for the "interference with custody" offense charged in Count 6.  (Doc. 7, Ex. 14).  A concurrent six-month prison term was imposed for the "interference with custody" offense charged in Count 7; moreover, the trial court granted petitioner's motion to merge the sexual battery offenses charged in Counts 4 and 5 for sentencing purposes. (*See id.* & Exs. 11-13).

[2]It is noted that the Clermont County, Ohio, grand jury also returned an indictment in February 2002, charging petitioner with ten counts of rape and ten counts of unlawful sexual conduct with a minor.  (*See* Doc. 7, Ex. 16).  Respondent states in the return of writ that the Clermont County charges stemmed from petitioner's "relationship with the same minor victim from the Butler County case." (*Id.,* Brief, p. 3).  On July 25, 2002, petitioner entered guilty pleas to four of the unlawful sexual conduct counts in exchange for the dismissal of all other counts at sentencing.  (*Id.,* Ex. 17).  On October 25, 2002, petitioner was sentenced in that case to concurrent four-year prison terms to be served consecutively to the sentences imposed in the Butler County case. (*Id.,* Ex. 18).  Petitioner does not challenge his Clermont County conviction or sentence in the instant habeas corpus action. (*See* Doc. 1).

appellate counsel was ineffective.[3] (*Id.,* Ex. 28). On January 9, 2004, petitioner filed a second motion to reopen the appeal. (*Id.,* Ex. 29). On February 10, 2004, the Ohio Court of Appeals denied petitioner's applications for reopening, noting that the first application filed November 21, 2003 was "procedurally deficient in many respects" and holding that petitioner had "failed to present a genuine issue as to whether he was denied the effective assistance of counsel on direct appeal and ha[d] failed to comply with the requirements of App.R. 26(B)(2)(d)." (*Id.,* Ex. 31). Respondent states that petitioner never attempted to appeal the February 10, 2004 decision to the Ohio Supreme Court. (*Id.,* Brief, p. 5).

On May 20, 2004, over three months after the Ohio Court of Appeals denied petitioner's applications for reopening and over six months after the Ohio Court of Appeals affirmed the trial court's judgment on direct appeal, petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal with the state supreme court from the Ohio Court of Appeals' November 3, 2003 direct appeal decision. (*See id.,* Exs. 25-26). On July 14, 2004, the Ohio Supreme Court denied petitioner's motion for delayed appeal and summarily ordered that "this cause be, and hereby is, dismissed." (*Id.,* Ex. 27).

No further action was taken in the case until nearly five months later, when on December 10, 2004, petitioner filed a *pro se* petition for writ of mandamus with the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Ex. 48). Petitioner requested that his Butler County convictions be "vacated and corrected" because the Butler County Common Pleas Court lacked jurisdiction over him and he was placed in "illegal double jeopardy." (*Id.*). On January 5, 2005, the Ohio Court of Appeals dismissed the petition. (*Id.,* Ex. 51). Apparently, petitioner did not pursue an appeal from this decision to the Ohio Supreme Court.

On January 25, 2005, petitioner filed a motion to modify or correct a journal entry with the Butler County Common Pleas Court. (*Id.,* Ex. 38). The trial court denied the motion without opinion on February 10, 2005; apparently, petitioner did not appeal this decision. (*Id.,* Ex. 39).

Petitioner next filed a "petition to vacate conviction" with the Butler County

---

[3]On November 21, 2003, petitioner also filed a motion to modify or reduce sentence with the trial court, which was denied on February 9, 2004. (Doc. 7, Exs. 36-37).

Common Pleas Court on March 8, 2005, claiming that his prosecution and conviction in both Clermont and Butler Counties for the "'same' ongoing course of criminal conduct which involved the same victim" violated his rights under the Double Jeopardy Clause of the Constitution. (*Id.,* Ex. 40). The trial court construed the motion as a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 and denied the petition as untimely-filed under Ohio Rev. Code § 2953.21(A)(2). (*Id.,* Ex. 42). Petitioner appealed to the Ohio Court of Appeals, Twelfth Appellate District, which issued a Judgment Entry on October 3, 2005 affirming the trial court's judgment based on the finding that the trial court lacked jurisdiction to entertain the untimely petition and "correctly dismissed it." (*Id.,* Exs. 43, 44, 47). Petitioner apparently did not pursue a further appeal to the Ohio Supreme Court.

On February 8, 2006, four months after the Ohio Court of Appeals affirmed the dismissal of petitioner's untimely state post-conviction petition, petitioner filed another application under Ohio R. App. P. 26(B) for reopening of the direct appeal. (*Id.,* Ex. 32). The Court of Appeals denied this application on April 12, 2006, reasoning that "App.R. 26(B) makes no provision for filing successive applications to reopen," and that "[s]ince this court previously found that appellant was not denied the effective assistance of appellate counsel, appellant can not raise the issue again in subsequent applications under App.R. 26(B)." (*Id.,* Ex.33).[4]

Thereafter, on July 10, 2006, petitioner filed a petition for writ of mandamus with the Ohio Supreme Court, requesting that "a complete copy" of the Ohio Court of Appeals' April 12, 2006 decision denying his third application for reopening be sent to him and that delayed review by the Ohio Supreme Court of his constitutional claim be permitted. (*Id.,* Ex. 52). The State filed a motion to dismiss for failure to state a claim upon which relief can be granted, and petitioner filed a motion for summary judgment. (*Id.,* Exs. 53-54). On October 4, 2006, the Ohio Supreme Court summarily denied petitioner's summary judgment motion and granted the State's motion to dismiss. (*Id.,* Ex. 55).

Finally, on September 13, 2006, petitioner filed a petition for writ of habeas corpus with the Ohio Court of Appeals, Seventh Appellate District, where Noble Correctional Institution is located, challenging Butler County's jurisdiction over him

---

[4]On May 15, 2006, petitioner filed a motion with the Ohio Court of Appeals for reconsideration of its April 12, 2006 decision. (Doc. 7. Ex. 34). The motion for reconsideration was denied on May 26, 2006. (*Id.,* Ex. 35).

as a violation of his "extradition rights." (*Id.*, Ex. 56). On January 26, 2007, the Ohio Court of Appeals granted the State's motion to dismiss the habeas petition on the grounds that petitioner had failed to satisfy certain prerequisites set forth in Ohio Rev. Code § 2725.04 for filing a habeas petition, and in any event, had failed to state a claim upon which relief may be granted. (*Id.*, Ex. 58). Petitioner appealed further to the Ohio Supreme Court, which issued a decision on August 8, 2007 affirming the court of appeals' judgment. (*Id.*, Exs. 59, 60, 63).

Petitioner next commenced the instant federal habeas action on September 7, 2007.[5] (*See* Doc. 1). Petitioner alleges fifteen grounds for relief:

**Ground One:** Conviction obtained by the unconstitutional failure of the prosecutor to disclose to the defendant evidence favorable to the defendant [regarding the jurisdictional issue, which petitioner claims would have "rendered this case unlawful"].

**Ground Two:** Conviction obtained by a violation of the protection against double jeopardy.

**Ground Three:** Denial of right to appeal [when petitioner's appellate counsel ignored and refused to argue "reversible error" as petitioner had "specifically instructed him" to do].

**Ground Four:** Denial of effective assistance of counsel [based on trial counsel's failure to "raise a claim of innocence within the Butler County indictment" or to object or move for mistrial due to Butler County's lack of jurisdiction over the case].

**Ground Five:** The lower courts denied me discovery to properly and timely present my claims.

**Ground Six:** I was deprived of a timely federal habeas action [due to the failure of the lower courts and counsel "to submit to me my discovery, transcripts, etc.," as well as the untimely service of "several

---

[5]The petition was both signed by petitioner and stamped as "filed" by the Clerk of Court on September 7, 2007.

entries" on him ].

**Ground Seven:** Butler County lacks lawful jurisdiction.

**Ground Eight:** Butler County's sentence and conviction is against the extradition laws.

**Ground Nine:** Butler Count[y's] sentence is unlawful and contrary to law.

**Ground Ten:** I was denied the right to present discovery to show an actual claim of innocence.

**Ground Eleven:** I was unlawfully classed as a sexual predator.

**Ground Twelve:** I am unlawfully being held against my life and liberty and will [because the "'lawful' sentence . . . expired" on February 27, 2006].

**Ground Thirteen:** The Supreme Court wrongfully denied my appeal of my state habeas action.

**Ground Fourteen:** The Seventh Dist. Appeals Court improperly and wrongfully denied state habeas relief.

**Ground Fifteen:** I have been improperly, unlawfully denied . . . a reopening of [the] direct appeal.

(*Id.*).

In the return of writ, respondent contends that the petition is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. 7, Brief, pp. 13-18). Respondent also contends that petitioner has waived the claims alleged in Grounds One, Two, Four and Nine of the petition due to his procedural defaults in the state courts; that the claims alleged in Grounds Five, Six, Ten, Eleven and Fifteen are not cognizable in this federal habeas proceeding; and that the claims alleged in Grounds Three, Seven, Eight, Twelve, Thirteen and Fourteen

lack merit.  (*Id.,* pp. 18-29).

## OPINION

### A.  The Claims Alleged In Grounds One Through Four, Seven through Nine And Eleven Of The Petition Are Time-Barred

In Grounds One through Four, Seven through Nine, and Eleven of the petition, petitioner presents various claims which arose and were discoverable in the exercise of due diligence before his conviction became final by the conclusion of direct review. Respondent contends in the return of writ that these as well as other claims raised in the petition are barred from review by the one-year statute of limitations applicable to federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d).  (Doc. 7, Brief, pp. 13-18).  Respondent's argument has merit, at least with respect to the claims alleged in Grounds One through Four, Seven through Nine, and Eleven of the petition.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, it is clear that the claims alleged in Grounds One through Four, Seven through Nine, and Eleven of the petition are governed by the limitations

provision set forth in § 2244(d)(1)(A).[6]  Each of these claims stem from an alleged error that occurred at trial or on direct appeal.  Petitioner has neither argued nor presented evidence even remotely suggesting that the factual bases for these claims could not have been discovered in the exercise of due diligence before petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Petitioner's conviction became "final" within the meaning of § 2244(d)(1)(A), when the forty-five (45) day period for filing a timely appeal from the Ohio Court of Appeals' November 3, 2003 direct appeal decision expired in December 2003.  *See* Rule II, § 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio.

During the one-year limitations period beginning in December 2003, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).  The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired."  *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000);  *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

In this case, the statute of limitations was tolled when petitioner filed his first application for reopening of the appeal in November 2003, *before* the direct appeal proceedings had concluded.[7]  Therefore, the statute effectively did not start running

---

[6]The undersigned assumes, without deciding, that petitioner's remaining claims alleged in Grounds Five, Six, Ten, and Twelve through Fifteen of the petition, which apparently arose after the conclusion of the direct review proceedings and thus are governed by a different §2244(d)(1) provision, are not time-barred.

[7]It is noted that petitioner's timely-filed reopening application does not play a part in determining when petitioner's conviction became "final" under 28 U.S.C. § 2244(d)(1)(A), because such an application is considered a collateral post-conviction remedy in Ohio rather than part of the direct appeal. *See Lopez v. Wilson,* 426 F.3d 339, 351-53 (6th Cir. 2005) (en banc),

until February 11, 2004, the day after the Ohio Court of Appeals denied the reopening application on February 10, 2004. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000).

The statute of limitations ran for 99 days before it was tolled on May 20, 2004, when petitioner filed his motion for delayed appeal with the Ohio Supreme Court. (*See* Doc. 7, Exs. 25-26). The statute started to run again on July 15, 2004, the day after the Ohio Supreme Court denied petitioner's motion for delayed appeal and summarily dismissed the appeal (*see id.*, Ex. 27), and ran for an additional 148 days before petitioner next sought to challenge his Butler County conviction by way of a petition for writ of mandamus filed with the Ohio Court of Appeals on December 10, 2004 (*see id.,* Ex. 48).

The Court will assume, without deciding, in petitioner's favor that the statute was tolled on December 10, 2004 by the filing of the mandamus petition, and did not begin to run again until February 11, 2005, the day after the trial court denied a motion to modify or correct a journal entry that petitioner had filed in January 2005. (*See id.,* Exs. 38, 39). Absent any further tolling of the one-year limitations period, the statute ceased running 118 days later on June 9, 2005.

On March 8, 2005, before the limitations period was due to expire in June, petitioner filed an application for post-conviction relief, which was denied as untimely. (*See id.,* Exs. 40, 42). On appeal, the Ohio Court of Appeals affirmed the dismissal of the petition, reasoning that the trial lacked jurisdiction to entertain the petition which failed to comply with the 180-day time limit for filing set forth in Ohio Rev. Code § 2953.21(A)(2). (*Id.,* Ex. 47).

In *Artuz v. Bennett,* 531 U.S. 4, 8 (2000), the United States Supreme Court held that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. Thereafter, the Sixth Circuit ruled that an Ohio prisoner's post-conviction petition dismissed by the state courts as untimely-filed is not "properly filed" and, therefore, cannot serve to toll the limitations period under § 2244(d)(2). *Vroman v.*

---

*cert. denied,* 547 U.S. 1099 (2006); *see also Morgan v. Eads,* 818 N.E.2d 1157 (Ohio 2004). However, a "properly filed" reopening application may serve to toll the limitations period under the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2).

*Brigano,* 346 F.3d 598, 603 (6th Cir. 2003); *see also Israfil v. Russell,* 276 F.3d 768, 771-72 (6th Cir. 2001), *cert. denied,* 535 U.S. 1088 (2002). In so holding, the Sixth Circuit emphasized that deference must be accorded to the state courts as "the final authority on state law," and that "federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Vroman,* 346 F.3d at 603; *Israfil,* 276 F.3d at 771.

In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court confirmed that a state post-conviction petition rejected by the state courts on timeliness grounds is not "properly filed" and is therefore not subject to statutory tolling under § 2244(d)(2). In that case, the state post-conviction statute had recently been amended, and its application was unclear. *See Walker v. Norris,* 436 F.3d 1026, 1031 (8th Cir. 2006) (citing district court decision in *Pace* published at 151 F.Supp.2d 586, 588 (E.D. Pa. 2001)). The trial court ruled on the merits of the petition, and it was not until petitioner's appeal that the state appellate court interpreted the amended statute to require the dismissal of the petition as untimely-filed. *Id.* (citing *Pace,* 151 F.Supp.2d at 589-90).

In the federal habeas action which followed, the district court determined that the state petition was properly filed within the meaning of § 2244(d)(2) "because the petitioner complied with the filing requirements as they existed at the time." *Id.* (citing *Pace,* 151 F.Supp.2d at 590-91). On appeal, the Third Circuit reversed, and the Supreme Court affirmed, concluding that "time limits, no matter their form, are 'filing' conditions" which must be met for a state collateral review petition to be deemed "properly filed" under § 2244(d)(2). *Pace,* 544 U.S. at 417.

In so holding, the Supreme Court rejected the argument that "the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." *Id.* at 413. The Court reasoned:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and

open the door to abusive delay.

*Id.*

In addition, the Supreme Court was not persuaded by petitioner's argument challenging the fairness of the decision to the extent a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus time-barred in a subsequent federal habeas proceeding. *Id.* at 416. The Court stated that a prisoner seeking state post-conviction relief instead could "avoid this predicament" by "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted," and that a petitioner's "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.*

Finally, the Supreme Court expressly held that as it had intimated in a prior case – *Carey v. Saffold,* 536 U.S. 214, 226 (2002): "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace,* 544 U.S. at 414.

Accordingly, in light of *Pace* and Sixth Circuit case-law interpreting the phrase "properly filed" as set forth in 28 U.S.C. § 2244(d)(2), the undersigned concludes that because the state courts dismissed petitioner's post-conviction petition on the ground that it was untimely filed, the petition filed by petitioner in March 2005 was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and thus did not serve to further extend the limitations period beyond the June 9, 2005 expiration date.

Petitioner filed a reopening application with the Ohio Court of Appeals in February 2006, a petition for writ of mandamus with the Ohio Supreme Court in July 2006, and a petition for writ of habeas corpus with the Ohio Court of Appeals in September 2006. However, because the statute of limitations had long since run its course, these proceedings also did not serve to toll the limitations period under § 2244(d)(2).

Accordingly, in sum, after taking into account statutory tolling under 28 U.S.C. § 2244(d)(2), the statute of limitations applicable to the claims alleged in Grounds One through Four, Seven through Nine, and Eleven of the petition commenced running on February 11, 2004 and expired on June 9, 2005. The instant petition filed

11

in September 2007 was submitted over two years too late.

To the extent that petitioner contends he is entitled to review of his otherwise time-barred claims under equitable tolling principles, the Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to the AEDPA's statute of limitations," *Pace*, 544 U.S. at 418 n.8. However, the Sixth Circuit has held that the statute of limitations is not jurisdictional and that "equitable tolling does apply to the one-year limitation period applicable to habeas petitions." *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *see also McClendon v. Sherman,* 329 F.3d 490, 492 (6th Cir. 2003).

In *Pace,* the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)). Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court. He also has not demonstrated he is entitled to equitable tolling under *Dunlap*. First, petitioner does not argue, nor is there evidence in the record to suggest that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas petitions. Moreover, it is clear from the record that petitioner has not been diligent in pursuing his rights despite the numerous unsuccessful pleadings he has

filed in the state courts in the years after he was sentenced in October 2002.

Petitioner contends that he was delayed in filing this action because the state courts refused to provide him with a complete copy of the transcript and because the Butler County Clerk of Court failed to send him a copy of the Ohio Court of Appeals' April 12, 2006 decision denying his third application for reopening of the appeal, as well as other judgment entries in that matter.[8]  (*See* Doc. 8).  The Court is not persuaded by these arguments for equitable tolling in this case.

First, courts have generally held that the unavailability of or delay in receiving transcripts or other state court documents is not a basis for equitable tolling. *See Donovan v. Maine,* 276 F.3d 87, 93 (1st Cir. 2002) ("[T]he state court's delay in furnishing the petitioner with the transcript did not establish a basis for equitable tolling."); *Lloyd v. Van Natta,* 296 F.3d 630, 633-34 (7th Cir. 2002) ("[T]he unavailability of a transcript does not allow equitable tolling to excuse an otherwise untimely petition."); *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir. 2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling."); *Gassler v. Bruton,* 255 F.3d 492, 495 (8th Cir. 2001) ("We do not think that these delays in obtaining the transcript of the trial should have the effect of extending the limitations period."); *see also Grayson v. Grayson,* 185 F.Supp.2d 747, 751-52 (E.D. Mich. 2002); *Wright v. Comm'r, Dep't of Corr.*, No. 6:07-358-KKC, 2008 WL 2397564, at *3 (E.D. Ky. June 10, 2008).

Here, even in the absence of a complete trial transcript, petitioner was not precluded from raising the claims alleged in Grounds One through Four, Seven through Nine and Eleven in a federal habeas petition timely filed before the expiration of limitations period in June 2005.  Indeed, most if not all of the petitioner's claims for relief do not depend on the trial record for support.  Therefore, this argument for equitable tolling is unavailing.

In addition, petitioner is not entitled to equitable tolling based on any delays that may have occurred in receiving notice of the state courts' judgment entries in the

---

[8]Upon a close reading of petitioner's exhibits attached to his brief in opposition to the return of writ, it appears that under petitioner's version of events, he discovered that his reopening application had been denied when he received a "docket" record from the Butler County Clerk of Court on May 12, 2006.  (*See* Doc. 8, attached "Case History").

proceedings held on his third application for reopening of the direct appeal filed in February 2006. As discussed above, the statute of limitations expired in June 2005, months before petitioner even filed the reopening application. Therefore, any failure by the Butler County Clerk's Office in sending notice of judgment entries in those proceedings does not justify equitable tolling of the limitations period, which had long since expired.[9]

Finally, petitioner is not entitled to equitable tolling to the extent he contends in Ground Ten of the petition that he can demonstrate his actual innocence in this case. Equitable tolling applies to prevent a "manifest injustice" only in cases where the petitioner presents a credible claim of actual innocence. *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). To establish such a claim, petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" based on "new reliable evidence . . . that was not presented at trial." *Id.* at 590 & n.5 (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)). The actual innocence exception is "rare" and is to be applied only in the "extraordinary case," where the "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine the confidence in the result of the trial." *Id.* (quoting *Schlup*, 513 U.S. at 317, 321). Petitioner has made no such showing in this case.

Accordingly, in sum, after taking into account both statutory and equitable tolling principles, the undersigned concludes that petitioner's claims alleged in Grounds One through Four, Seven through Nine, and Eleven of the petition are barred from review by the applicable statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which expired on June 9, 2005.

---

[9]To the extent petitioner contends that delays occurred which prevented him from filing a timely appeal to the Ohio Supreme Court after the Ohio Court of Appeals denied his initial reopening applications in February 2004, petitioner has not provided sufficient evidentiary support for such claim. In any event, even assuming that the limitations period were equitably tolled during the time between the Ohio Court of Appeals' February 10, 2004 decision and the filing of petitioner's motion for delayed appeal to the Ohio Supreme Court on May 20, 2004, the instant petition was still filed nearly two years after the expiration of the limitations period, which would have been extended only by 99 days to September 16, 2005.

## B. The Claims Alleged In Grounds Five, Six And Ten Of The Petition Are Not Cognizable In This Federal Habeas Proceeding

In Grounds Five and Six of the petition, petitioner essentially contends he is entitled to relief from his Butler County conviction and sentence because he was prevented from "present[ing his] claims fairly and timely in the courts" when he was denied discovery by the "lower courts, the [Butler County] Clerk of Courts and . . . counsel[];" in Ground Ten, petitioner also alleges that the denial of "the transcripts and other discovery" effectively prevented him from raising a "genuine claim of innocence." (*See* Doc. 1).

Petitioner filed a timely appeal from his conviction and sentence, as well as a timely application for reopening of the appeal in November 2003 within a few weeks after the Ohio Court of Appeals affirmed his conviction and sentence on direct appeal. In both those proceedings, the Ohio Court of Appeals considered the claims that had been raised by petitioner. It appears from the "Case History" attached as an exhibit to petitioner's opposition memorandum that petitioner first moved for "discovery ... and transcripts" on November 21, 2003, after the Ohio Court of Appeals affirmed petitioner's conviction and sentence on direct appeal. (*See* Doc. 8). Therefore, it appears  petitioner's claims pertain to later pleadings that petitioner filed in the state courts, as well as the instant federal habeas petition, to the extent the courts in these subsequent proceedings have refused to consider claims that were not raised earlier by petitioner.

The undersigned already has considered and rejected the claims alleged in Grounds Five, Six and Ten to the extent they constitute arguments for equitable tolling of the limitations period or for otherwise allowing review of petitioner's time-barred claims for relief. As respondent has argued in the return of writ, the claims do not independently constitute cognizable grounds for federal habeas relief.  The writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies affecting the adjudication of claims raised in collateral review proceedings, because such alleged errors address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration. *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986); *see also Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker,* 316 F.3d 557, 571 (6th Cir. 2002), *cert. denied,* 540 U.S. 853 (2003); *Carter v. Mitchell,* No. 1:98-CV-853, 2006 WL 2334853, at *51 (S.D. Ohio

Aug. 10, 2006) (Rose, J.) (unpublished).[10]

Accordingly, Grounds Five, Six and Ten of the petition should be dismissed with prejudice because they fail to allege a cognizable claim for federal habeas corpus relief.[11]

### C. The Claims Alleged In Grounds Twelve Through Fourteen Challenging Petitioner's Continued Incarceration After The Expiration Of His "Lawful" Sentence Lack Merit

In Grounds Twelve through Fourteen of the petition, petitioner essentially argues that the state courts should have granted him habeas relief because only Clermont County obtained jurisdiction over him when he was extradited from Kentucky to Ohio for prosecution on criminal charges. (*See* Doc. 1). Petitioner claims that because the

---

[10]It is also well-settled that constitutional protections, including the Sixth Amendment right to counsel, do not extend beyond a criminal defendant's first appeal as of right to state collateral review proceedings; therefore, the rights afforded a defendant on his first appeal as of right do not extend to any further proceedings. *Cf. Coleman v. Thompson,* 501 U.S. 722, 755-57 (1991) (relying on *Ross v. Moffitt,* 417 U.S. 600, 616 (1974), and *Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987)); *cf. Carter, supra,* 2006 WL 2334853, at *51 (citing *Finley* for the proposition that "[t]he states have no constitutional obligation to provide post-conviction remedies"). Because a federal habeas court only has jurisdiction to consider whether a state prisoner's confinement violates the Constitution, laws or treaties of the United States, *see* 28 U.S.C. § 2254(a), petitioner's allegations in Grounds Five, Six and Ten that he was denied the right to discovery (including access to a copy of the trial transcript) with respect to proceedings held after the conclusion of the direct appeal do not trigger constitutional concerns. *See supra* pp. 8-9 n.7.

[11]Respondent also has argued that the claim alleged in Ground Eleven challenging petitioner's classification as a "sexual predator" is not a cognizable ground for federal habeas relief. The undersigned has concluded that Ground Eleven is barred from review on statute of limitations grounds. However, as respondent has alternatively argued, the claim also fails to give rise to a cognizable ground for relief. *See Leslie v. Randle,* 296 F.3d 518, 523 (6th Cir. 2002) (holding that the federal district court lacked habeas jurisdiction to grant relief on claim challenging petitioner's adjudication as a sexual predator under Ohio's civil sexual-predator registration statute because such classification is not part of the sentence, but rather a "collateral consequence" of conviction, and does not constitute a "severe and immediate restraint on liberty sufficient to satisfy the 'in custody' prerequisite for federal habeas corpus review").

sentence imposed in the Clermont County case has expired, his continued incarceration in Ohio based on his Butler County conviction and sentence violates his federal constitutional right to due process.

In affirming the Ohio Court of Appeals' dismissal of petitioner's habeas petition, the Ohio Supreme Court rejected petitioner's claim that Butler County lacked jurisdiction to prosecute him. (*See* Doc. 7, Exs. 58, 63). In so ruling, the state supreme court reasoned in pertinent part:

> . . . . The Butler County trial court possessed the requisite jurisdiction to try Waters on the offenses in Butler County even though he had been extradited from Kentucky on the Clermont County offenses, because R.C. 2963.26 provides that "[a] person returned to this state by, or after waiver of, extradition proceedings, may be tried in this state for other crimes which he may be charged with having committed here, as well as that specified in the requisition for his extradition." *State ex rel. Childs v. Wingard* (1998), 83 OhioSt.3d 346, 348, 699 N.E.2d 1278. Therefore, once Waters waived extradition to Ohio on the Clermont County charges, R.C. 2963.26 authorized the Butler County Common Pleas Court to try him for other crimes committed in Ohio.

(*Id.,* Ex. 63).

Although petitioner's claim challenging the jurisdiction of the Butler County Common Pleas Court initially raises federal due process concerns, the question whether or not there was jurisdiction in the first place under Ohio's extradition statute is an issue of state law. The highest court of the state is the final arbiter of this state-law issue; therefore, "[w]hen it has spoken, its pronouncement is to be accepted by federal courts as defining state law." *See West v. American Telephone & Telegraph Co.,* 311 U.S. 223, 236 (1940); *see also Hicks v. Feiock,* 485 U.S. 624, 629-30 & n. 3 (1988) (applying *West* standard in federal habeas case).

Here, the Ohio Supreme Court has spoken on the subject, finding that the Butler County Common Pleas Court had jurisdiction under Ohio Rev. Code § 2963.26 to try petitioner for crimes committed in Butler County, in addition to the state charges specified in the requisition for his extradition from Kentucky to Clermont County. This Court must defer to the state supreme court's determination of the state-law issue.

Accordingly, because as a matter of Ohio law as determined by the highest court of the state, Butler County had the authority to try petitioner for other crimes committed in Ohio, petitioner is unable to prevail on the claims alleged in Grounds Twelve through Fourteen of the petition.

## D. Petitioner Is Not Entitled To Relief Based On The Claim Alleged In Ground Fifteen Challenging The Disposition Of His Applications For Reopening Of The Direct Appeal

In Ground Fifteen of the petition, petitioner claims that the Ohio Court of Appeals improperly denied his applications for reopening of the direct appeal. (*See* Doc. 1).

First, to the extent petitioner seeks to challenge the Ohio Court of Appeals' February 10, 2004 decision to deny his initial applications for reopening filed in November 2003 and January 2004, petitioner has waived this claim for relief because he did not appeal the Ohio Court of Appeals' decision to the Ohio Supreme Court.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present a claim through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of such claim by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue the claim in the state courts, his claim for habeas corpus relief is subject to dismissal with prejudice on the ground that it is waived. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763

F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, petitioner has not had a claim considered by the state's highest court and he can no longer present the claim to the state courts, he has waived such claim for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed a procedural default by failing to appeal the Ohio Court of Appeals' February 10, 2004 decision denying petitioner's initial applications to reopen the direct appeal. Any claim challenging this decision, therefore, is barred from review absent a showing of cause and prejudice for the default or that a fundamental miscarriage of justice will occur if the claim is not considered herein. No such showing has been made in this case.[12]

Second, petitioner is not entitled to habeas relief to the extent he seeks to challenge the Ohio Court of Appeals' April 12, 2006 decision denying his February 8, 2006 application for reopening as successive. As discussed above with respect to the claims alleged in Grounds Five, Six and Ten of the petition, *see supra* pp. 15-16 & n.10, any claim stemming from the April 12, 2006 decision addresses collateral matters and not the underlying conviction giving rise to the prisoner's incarceration. *See Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986); *see also Cress v. Palmer,* 484

---

[12]The undersigned rejects any argument that "cause" exists here because petitioner did not receive a copy of the Ohio Court of Appeals' February 10, 2004 decision denying his initial applications for reopening within the requisite time-frame for filing a timely appeal to the Ohio Supreme Court. Petitioner has not provided any evidentiary support for this contention other than his own self-serving statement in a "Case History" attached to his opposition memorandum. (*See* Doc. 8). In any event, in the motion for delayed appeal to the Ohio Supreme Court that petitioner filed on May 20, 2004, petitioner did not assert any claim of ineffective assistance by his appellate counsel as alleged in his reopening applications; rather, he stated that he would be raising only those claims that had been asserted as assignments of error on direct appeal. (*See* Doc. 7, Ex. 26). Because petitioner's delayed appeal motion thus did not constitute an appeal from the denial of his reopening applications, the justification given as "cause" for his delay in filing an appeal to the Ohio Supreme Court is unavailing.

19

F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker,* 316 F.3d 557, 571 (6th Cir. 2002), *cert. denied,* 540 U.S. 853 (2003); *Carter v. Mitchell,* No. 1:98-CV-853, 2006 WL 2334853, at *51 (S.D. Ohio Aug. 10, 2006) (Rose, J.) (unpublished).

In any event, it is well-settled in Ohio that "there is no right to file successive applications for reopening" under Ohio R. App. P. 26(B), and "[o]nce ineffective assistance of counsel has been raised and adjudicated, *res judicata* bars its relitigation." *See State v. Twyford,* 833 N.E.2d 289, 290 (Ohio 2005) (quoting *State v. Williams,* 790 N.E.2d 299, ¶¶ 10, 12 (Ohio), *cert. denied,* 540 U.S. 1053 (2003)). Therefore, the Ohio Court of Appeals properly denied petitioner's third reopening application as successive. In addition, no constitutional concerns are raised as a result of the Ohio Supreme Court's subsequent decision to summarily grant the State's motion to dismiss and deny petitioner's motion for summary judgment in the mandamus action filed by petitioner requesting a complete copy of the Ohio Court of Appeals' April 12, 2006 decision and delayed review of that decision by the Ohio Supreme Court. (*See* Doc. 7, Exs. 33, 52-55).

Accordingly, in sum, petitioner is not entitled to habeas relief based on any claim challenging the Ohio Court of Appeals' decisions denying his reopening applications, as alleged in Ground Fifteen of the petition.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in Grounds One through Four, Seven through Nine and Eleven of the petition, which this Court has concluded are barred from review on procedural statute of limitations grounds, as well as the portion of Ground Fifteen which is deemed barred from review on procedural waiver grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling[s]" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529

U.S. 473, 484-85 (2000).[13]  A certificate of appealability also should not issue with respect to the remaining claims alleged in Grounds Five, Six, Ten and Twelve through Fifteen of the petition, which have been addressed on the merits herein, because petitioner has not made a substantial showing that he has stated "viable claim[s] of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: _7/1/08_

cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\07-758denypet.sol-noncogclaims-waiver-extradition.wpd

---

[13]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of the time-barred grounds for relief. *See Slack,* 529 U.S. at 484.  However, it is noted with respect to the claim alleged in Ground Eleven, that a strong argument can be made that "reasonable jurists" would not find it debatable whether petitioner has stated a viable constitutional claim in light of the Sixth Circuit's decision in *Leslie v. Randle,* 296 F.3d 518, 523 (6th Cir. 2002).  In addition, as discussed *supra* pp. 16-18, a strong argument can be made that "reasonable jurists" would not find it debatable whether petitioner has stated a viable constitutional claim to the extent he challenges the jurisdiction of the Butler County Common Pleas Court in Grounds One, Four, Seven and Eight of the petition.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Kirk Waters,
      Petitioner,

                                          Case No. 1:07cv758
      v.                                  (Dlott, J.; Hogan, M.J.)

Warden, Noble Correctional Institution,
      Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Kirk Waters # 436-936
Noble Correctional Institution
15705 McConnelsville Rd.
Caldwell, OH 43724

4a. Article Number

7007 1490 0001 0562 6899

4b. Service Type

☐ Registered          ☐ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery

5. Received By: *(Print Name)*

8. Addressee's Address *(Only if requested and fee is paid)*

6. Signature: *(Addressee or Agent)*
X

*Is your RETURN ADDRESS completed on the reverse side?*

*Thank you for using Return Receipt Service.*

PS Form **3811**, December 1994          102595-97-B-0179          **Domestic Return Receipt**

1:07 cv 758   Doc. 10